**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**W. ELLIS PITTMAN**                                                                      **PLAINTIFF**

**V.**                                                                      **NO. 4:25-CV-81-DMB-DAS**

**RECARDO FRAZIER**                                                                      **DEFENDANT**


**ORDER**

Recardo Frazier objects to United States Magistrate Judge David A. Sanders' report recommending that both his motion to proceed in forma pauperis and his motion to transfer be denied, and that this case be remanded to state court. Because Frazier's objections are frivolous, vague, and conclusory and because the report is neither clearly erroneous nor contrary to law, the report will be adopted.

**I
Procedural History**

On June 10, 2025, Recardo Frazier filed a "Motion to Transfer from State to Federal Jurisdiction" in the United States District Court for the Northern District of Mississippi, which the Clerk of the Court docketed as a notice of removal.[1] Doc. #1. The same day, Frazier filed a motion to proceed in forma pauperis. Doc. #2.

On July 29, 2025, United States Magistrate Judge David A. Sanders issued a report ("R&R") recommending that "[Frazier]'s application to proceed *in forma pauperis* be denied[;] the motion to remove/transfer the chancery court action, the circuit court criminal action, and the circuit court wrongful death action … all be denied[; and t]hese three cases … be remanded to the state courts in which they originated." Doc. #7 at 7 (emphasis in original). Frazier filed objections

---

[1] The document references "the removal statutes of 28 U.S.C. § 1441 et seq." Doc. #1 at PageID 3 (emphasis omitted).

to the R&R on August 20, 2025.[2]  Doc. #10.

**II**
**Standard**

Under 28 U.S.C. § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report … to which objection is made."  "Frivolous, conclusive, or general objections need not be considered by the district court."  *Battle v. U.S. Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by  Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996)).  "[W]here there is no objection, the Court need only determine whether the report and recommendation is clearly erroneous or contrary to law."  *United States v. Alaniz*, 278 F. Supp. 3d 944, 948 (S.D. Tex. 2017) (citing *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989)).

**III**
**Background**

On May 27, 2014, Ricardo Frazier filed a construction lien valued at $31,000 in the Chancery Clerk's Office of Coahoma County, Mississippi, against the home of W. Ellis Pittman. Doc. #1-1 at PageID 9–10; Doc. #3 at 2.

**A.  State Chancery Court Action**

Pittman responded to Frazier's construction lien by filing a complaint against Frazier in the Chancery Court of Coahoma County, Mississippi, on August 1, 2014, alleging that he "paid [Frazier] all sums due under the original contract for services" and that Frazier "breached the contract by not completing the work and not performing the job in a workmanlike manner."  Doc.

---

[2] The R&R was mailed to Frazier's address listed in the complaint on July 29, 2025.  After Frazier provided notice of his change of address on August 8, the R&R was sent to his new address on August 11 and received by him on August 17.  Docs. #8, #9.  Given Frazier's pro se status and change of address, the Court deems his objections to be  timely.

#3 at 2. Frazier was deposed by Pittman on June 26, 2015. Doc. #1-1 at Page ID 61. At the conclusion of the deposition, Frazier shot Pittman, who later died as a result of the injuries he sustained from the gunshot wounds. *Id.* On September 4, 2018, the Chancery Court of Coahoma County dismissed Pittman's case against Frazier without prejudice for want of prosecution. Doc. #1-1 at PageID 57.

### B. State Criminal Convictions

On February 28, 2020, Frazier was convicted for carrying a concealed weapon and for possessing a firearm as a convicted felon. Doc. #1-1 at PageID 63. According to Frazier, he was convicted for murdering Pittman "[o]n or about August 29, 2022"[3] by the Circuit Court of Coahoma County. Doc. #1 at PageID 2. Frazier's murder convictions and sentences were upheld by the Mississippi Court of Appeals on March 26, 2024. Doc. #1-3 at PageID 234–44. The Mississippi Supreme Court denied Frazier's motion for a change of venue[4] on March 28, 2025. Doc. #1-4 at PageID 456.

### C. Wrongful Death Action

On December 7, 2015, Brenetta Hoskins, Marc A. Pittman, and Merissa Pittman filed a complaint against Frazier in the Circuit Court of Coahoma County, alleging that Frazier's negligence and intentional acts caused Pittman's wrongful death. Doc. #1-1 at PageID 71–74. At the plaintiffs' request, the circuit court clerk entered a default against Frazier on March 3, 2016, which Frazier requested to appeal on March 11, 2016, arguing that "[he] did make attempt to respond through counsel" but "[his] business affairs [were] mishandled" and "[h]e had to excuse

---

[3] A document Frazier attached to his motion to transfer states that he was convicted on August 10, 2022. Doc. #1-1 at PageID 63.

[4] Frazier's venue change request sought "to transfer [to] Federal Jurisdiction under 28 U.S.C. § 1404 and 28 U.S.C. § 1331." Doc. #1-4 at PageID 454.

3

[his counsel's] services." *Id.* at PageID 77, 78.

On April 15 and June 13, 2016, respectively, the plaintiffs filed a motion for judgment on the pleadings and a motion to set damages.[5] *Id.* at PageID 79–81, 89–91. Though the wrongful death case was stayed pending the ongoing criminal proceedings related to the shooting, the clerk on August 17, 2016, docketed a letter received from Frazier that stated, "I do not have the capacity to stand as or to acquire counsel in this matter. And I'm requesting assistance from the Court's response or deference to this Procedure." *Id.* at 97, 105–06.

The stay was lifted on March 15, 2023, and on June 11, 2024, the court granted a default judgment against Frazier. *Id.* at PageID 101, 107; Doc. #1-4 at PageID 500–01. Frazier appealed to the Mississippi Supreme Court on April 4, 2025, and filed a motion to set aside the default judgment nearly a month later. Doc. #1-4 at PageID 459, 471–75, 477–81.

On April 30, 2025, the Coahoma County Circuit Court denied a motion by Frazier "seeking the transfer … from state to federal jurisdiction" because it viewed the motion as "a continuation of the proceedings [he] commenced in this court as a collateral attack upon his conviction of 1st degree murder [which] has been appealed and denied by the Mississippi Supreme Court." *Id.* at PageID 494.

On May 8, 2025, the Mississippi Court of Appeals ordered Frazier to show cause "why this appeal should not be dismissed as an untimely appeal." *Id.* at PageID 484. Frazier's response to the show cause order argued that he "timely attempted to initiate his appeal within the thirty (30) days following the final order entered by the Coahoma County Circuit Court." *Id.* at PageID 485. The plaintiffs moved to dismiss the appeal on the ground that "[t]here has been no final judgment entered in the above case." *Id.* at PageID 495. Frazier responded that his appeal should not be

---

[5] Nothing in the record indicates the outcome of these motions.

dismissed because "the Circuit Court entered a dispositive Order of Default Judgment as to Liability on June 7, 2024, which resolved all claims on the issue of liability" and "[a]lthough damages remain pending, the judgment on liability constitutes a partial final judgment for which Rule 54(b) certification is appropriate and warranted." *Id.* at PageID 489 (emphasis omitted).

### D. Federal Habeas Case

On May 21, 2025, Frazier filed a petition for writ of habeas corpus in the United States District Court for the Northern District of Mississippi." *Frazier v. State*, No. 4:25-cv-65, at Doc. #1 (N.D. Miss. May 21, 2025).[6]

**IV**

**Discussion**

In the R&R, remarking that Frazier "has dropped a confusing mishmash of documents from … three … cases into one purported action for transfer or removal to this court," Judge Sanders found that "Frazier is attempting to transfer three cases, two civil and one criminal, from the Mississippi state courts,"[7] specifically, (1) Pittman's civil action against Frazier,[8] (2) the State of Mississippi's criminal action against Frazier for murder,[9] and (3) the wrongful death action against Frazier brought by Pittman's family.[10] Doc. #7 at 1, 2. The R&R "consider[ed] each of the three separate actions Frazier has attempted to move from the state courts to this court" and, finding this

---

[6] The State responded to Frazier's habeas petition on October 28, 2025, and Frazier replied on November 25, 2025. *Frazier*, No. 4:25-cv-65, at Docs. #20, #24. The case was reassigned to United States District Judge Robert P. Chamberlin on February 2, 2026. Doc. #26.

[7] Generally, it is difficult to discern to which of his cases Frazier refers, especially because at times the documents he filed in them contain conflicting titles and case numbers. *See*, *e.g.*, Doc. #1-3 at PageID 206–22 ("Motion to Reconsider" bears caption of civil wrongful death case but references criminal matters); *id.* at PageID 247–57 ("Motion for JNOV or, Alternatively, for a New Trial" bears caption of civil wrongful death case but cites criminal law and requests judgment notwithstanding verdict).

[8] This civil action's case number is No. 2014-524.

[9] The criminal case's cause number is No. 2015-0034.

[10] This civil action's case number is No. 14-CI-15-128.

Court "lacks jurisdiction over any of these separate cases," recommends that "[Frazier]'s application to proceed *in forma pauperis* be denied[;] the motion to remove/transfer the chancery court action, the circuit court criminal action, and the circuit court wrongful death action … all be denied[; and t]hese three cases be remanded to the state courts in which they originated." *Id.* at 2, 7 (emphasis in original). Frazier seems to object to only two of these recommendations.[11]

### A. State Criminal Action

Regarding the conclusion that his "attempt to move [his state criminal case] to this court is frivolous and completely without merit,"[12] Frazier objects that (1) he filed "1 petition for relief under 28 U.S.C. § 2254 [for his] trial conviction riddled with error;"[13] (2) his attorney's complaint "and the alleged 'routine deposition' is [a] façade used by the 11th Dist. Court Prosecutor's Office to monopolize a 'malicious prosecution,' when it should have self-disqualified with a recusal for known 'personal jurisdiction' to deceased attorney Pittman;"[14] (3) "the 11th District Court labored negligent 'pattern-or-practice' by improper use of bail by Mississippi Judge;" (4) "[f]or many years prior to trial, professional prosecutors and defense lawyers labored together in effort to distort [his] effort to ascertain the truth, and violated Brady Policy Compliance;" (5) "[a]t the time of the 'indictment' and 'complaint' the 11th District Court conspired to interfere with the distinct federal judicial question, in subject of serious dispute to the whole tendency of 'cause of action' derived

---

[11] Frazier does not challenge Judge Sanders' conclusion that this Court lacks subject matter jurisdiction over the state chancery court action and that, regardless, the deadline to remove it expired years ago. Doc. #7 at 4.

[12] Doc. #7 at 5. Judge Sanders also found that Frazier's claims are barred by judicial immunity, prosecutorial immunity, and *Heck v. Humphrey*. *Id.*

[13] Frazier claims there was error due to "'conflicts of interest' between prosecutors, defense counsel and judges [that] compounded the difficulty of obtaining a fair review or timely transfer." Doc. #10 at 1.

[14] Because Frazier explains that "[he] hired Mayor Bill William O. Luckett as counsel;" he was "**not** aware of Pittman and Luckett's friendship;" Luckett did not inform him of this conflict; and he only became aware of the conflict because of "the June 26, 2015 alleged deposition 'press statement' by Luckett," Doc. #10 at 2 (emphasis in original), it seems Frazier believes Luckett should have withdrawn from the case.

6

from a common nucleus of operative fact;" (6) "[a] preliminary investigation under section 12601 is crucial when prosecutorial misconduct is committed on a systemic level at a DA's office and the misconduct in question rises to the level of violating constitutional rights;"[15] and (7) "Judge Webster and Prosecutor Mitchell denied [him] Due Process at pre-trial when [he] was without counsel, by violating [their] clear and unambiguous obligation to have conducted a hearing." Doc. #10 at 1–4 (emphases omitted).

None of these arguments refute or even address the R&R's recommendation that Frazier's state court criminal case be remanded for lack of jurisdiction. Rather, at best, Frazier's objections are frivolous, vague, and conclusory and, as such, need not and will not be considered by this Court. *Battle,* 834 F.2d at 421. Having disregarded such objections,[16] the Court concludes that the recommendation to remand the state court criminal case is neither clearly erroneous nor contrary to law.

### B. Wrongful Death Action

Objecting to the recommendation that, because his "attempted removal/transfer" of the wrongful death action "is frivolous," it "should be dismissed for lack of jurisdiction and remanded to the Circuit Court of Coahoma County,"[17] Frazier argues that (1) he "filed a petition to transfer 1 civil case from the Mississippi state courts[,] cause no. 14-CI-15-0218," which is the "Wrongful death action;" (2) the denial of his original motion to change venue in this case amounts to an "appearance of impropriety" and a failure to "comply with [the] elements of [Mississippi Code] §

---

[15] For this assertion, Frazier cites a Facebook post, *id.* at 3, which this Court does not consider.

[16] Alternatively, the objections are overruled.

[17] Doc. #7 at 6. Judge Sanders also found that Frazier's claims are time-barred. *See* Doc. #7 at 6 ("The wrongful death lawsuit has been pending since December 11, 2015, and Frazier was served on March 3, 2016. The time limit for removal in this case would have been thirty days from the date of service of process on Frazier.) (internal citation omitted).

99-15-35," which "serve[s] to indicate an irrebuttable presumption of prejudice;" and (3) the "[c]onsolidation of this 'Transfer' involves federal law within the pending 'habeas corpus' due to similar issues and parties plagued with 'conflict of interest,' along with the case involv[ing] a judge who is related to numerous parties."  Doc. #10 at 1, 4 (citing *White v. State*, 495 So. 2d 1346, 1349 (Miss. 1986)).  Based on these arguments, Frazier contends "a 'Change of Venue' is also necessary to ensure a fair trial."  *Id.*

The majority of Frazier's arguments discuss his criminal proceedings, and the alleged misconduct of the judge, prosecutors, and attorneys involved.  And, that the state court judge's previous denial of transfer amounted to an alleged "appearance of impropriety" or that the parties and underlying facts overlap with Frazier's habeas proceeding do not address the issue of this Court's jurisdiction regarding removal.  Consequently, Frazier's objections regarding his criminal case are also disregarded as frivolous, vague, and conclusory.  Having disregarded such objections,[18] the Court concludes that the recommendation to remand the wrongful death case is neither clearly erroneous nor contrary to law.

## C.  Remaining Recommendations

The Court reviewed all remaining recommendations in the R&R and finds that they are neither clearly erroneous nor contrary to law.  So, the R&R will be adopted in its entirety.

## V
## Conclusion

For the reasons above, the R&R [7] is **ADOPTED** as the order of the Court; Frazier's "Motion to Transfer from State to Federal Jurisdiction," which was docketed as the notice of removal [1], is **DENIED**; Frazier's motion to proceed in forma pauperis [2] is **DENIED**; and this case is **REMANDED** to the Circuit Court of Coahoma County, Mississippi.

---

[18] Alternatively, the objections are overruled.

8

**SO ORDERED**, this 5th day of June, 2026.

<u>/s/Debra M. Brown</u>
**UNITED STATES DISTRICT JUDGE**